By the Court:

Jones, J.
The evidence that three days after the loan of the bond the plaintiff met defendant and said to him, “ Hr. Caldwell, you had better return me that bond; I want it,” and his reply thereto that he had obtained a loan on the 19th for $10,000, and had used the bond, was (being uncontradicted) sufficient evidence of a conversion on the 19th of March.
Nothing subsequently transpired to waive that conversion. Plaintiff’s endeavors to obtain his bond without recourse to legal measures had no such effect.
The evidence sufficiently shows that the 19th referred to in this conversation was the 19th of March, 1867.
A conversion on the 19th of March, 1867, having been shown, the plaintiff was entitled to recover as damages the highest market value of such bond between that date and the day of trial.
The plaintiff proved, by William G. Ward, the agent of the company that issued this bond, that the bonds from the 11th of March to the 10th of April were worth in the market 80 per cent., and that during that period he had sold $60,000 of the bonds at that rate. Defendant introduced evidence showing that one William J. Dodd, during the months of March and April, 1867, endeavored to make a sale of bonds of this description without success; and that Albert H. Nicolay sold at auction on March 14,1867, $15,000 of bonds at prices ranging from 64 *216 to 70 per cent., and on March 25, 1867, $12,000 from 6If to 65 per cent.
The evidence thus given by the plaintiff and defendant on the subject of the value of the bonds in March and April, 1867, raised a disputed question of fact as to that value, to be submitted to the jury. It was submitted, and we see no cause for disturbing their verdict.
The evidence offered by the defendant as to the value of the bonds before March and subsequent to April was immaterial to the defense. If it was to prove that the bonds had a higher value at those times, then its exclusion was advantageous to the defendant and he cannot complain of it. If it was to prove that the bonds at those times were lower than in March and April, then it was immaterial, because the plaintiff was entitled to recover the highest value between the 19th of March, 1867, and the day of trial, and he had introduced proof as to what the value was between March 19, and April 10.
The request to the judge to leave it to the jury to determine when the conversion occurred was properly refused, as there was no conflicting evidence on that point-
judgment affirmed, with costs.